On Remand from the Alabama Supreme Court

KELLUM, Judge.[1]
The appellant, Jason Michael Sharp, was convicted of murder made capital because it was committed during the course of a rape or an attempted rape. See § 13A-5-40(a)(3), Ala.Code 1975. This Court remanded the case for the trial court to amend its sentencing order to include written findings as to the aggravating and mitigating circumstances. On return to remand, this Court affirmed Sharp’s conviction and death sentence. See Sharp v. State, 151 So.3d 308 (Ala.Crim.App.2008).
Sharp petitioned the Alabama Supreme Court for certiorari review, arguing, among other things, that the State used its peremptory challenges to remove African-Americans from the jury venire, thus violating Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Specifically, Sharp argued that plain error occurred during the jury selection because the State failed to strike prospective white jurors for the same reasons it struck prospective African-American jurors. The Supreme Court granted certiorari review and on December 4, 2009, reversed this Court’s judgment, holding:
“The record supports Sharp’s contention that the State struck some African-American jurors whose responses to the questions posed in the jury questionnaires were similar to the responses of white jurors, although it did not strike the white jurors. Therefore, the record creates an inference of discrimination on the part of the State. Although the State may have race-neutral and nondiscriminatory reasons for its actions, it was never required to articulate them on *346 the record, and the record on its face is not adequate for us to determine whether a Batson violation occurred. Therefore, although we realize that the Court of Criminal Appeals did not have before it and was not required to review the juror questionnaires, we conclude that it is necessary to reverse its judgment and remand this case to the Court of Criminal Appeals for it to order further proceedings consistent with this opinion. See Floyd v. State, [Ms. CR-05-0935, September 28, 2007] - So.3d - (Ala.Crim.App.2007); Lewis v. State, [24 So.3d 480 (Ala.Crim.App.2006) (opinion on return to remand) ]. If the State cannot provide racially neutral reasons for the use of its peremptory challenges against African-American venire-members, Sharp must receive a new trial. Ex parte Bankhead, 585 So.2d 112 (Ala.1991); Ex parte Jackson, 516 So.2d 768 (Ala.1986).”
Ex parte Sharp, 151 So.3d 329, 342 (Ala. 2009).
In accordance with the Supreme Court’s holding, we remand this case to the circuit court for that court to determine whether the State’s reasons for using its peremptory challenges against African-American veniremembers were race neutral. If the circuit court, following a hearing, determines that Sharp is entitled to relief, it is authorized to grant such relief as it deems necessary.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the circuit court, together with the circuit court’s written findings of fact.
REMANDED WITH INSTRUCTIONS.
WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.

. Judge Kellum was not a member of the Court of Criminal Appeals on August 29, 2008, when the decision on original submission in this case was released. This case was assigned to Judge Kellum on January 20, 2009.